*DESFARGE & AL. vs. DESFARGE & AL.*

If the court direct the answer to be served on the plaintiff, and that he should answer the interrogatories, it is a conditional order, and the plaintiff is not bound to answer, until a copy of the answer be served on him.

Eastern District.
*May*, 1830.

DESFARGE &
AL.
*vs.*
DESFARGE &
AL.

APPEAL from the court of probates of the parish and city of New-Orleans.

A. M. Desfarge, by last will and testament, bequeathed to the defendants, his natural children, all his property in Louisiana; and to the plaintiffs, his brothers and sisters, all his estate in France; the will contained a declaration, that the property in France was much more considerable than that in Louisiana.   Upon a liquidation of the estate in Louisiana, the defendants received one half, and were put in provisional possession of the other, upon giving bonds to refund the same to the plaintiffs.

To recover this provisional deposit, the present action was brought, and resisted by the defendants on the following grounds:—*First,* That by the laws, both of France and Louisiana, the testator was authorised to bequeath to his natural children, and they to receive from him, to the amount of one half of his property. *Second,* That the testator left an estate in

Eastern District.
*May*, 1830.

DESFARGE &
AL.
*vs.*
DESFARGE &
AL.

France, far exceeding in value that in Louisiana, and of which the plaintiffs were in possession.

To establish the second ground of defence, the defendants filed with their answer, interrogatories to be propounded to the plaintiffs; and on the 5th May, 1825, the court made the following order: "Let the answer of the defendants be served on the plaintiffs, and let them answer the interrogatories, as therein propounded." No steps were taken by either party to have the interrogatories served on the plaintiffs, and they remained unanswered. On the 6th February, 1829, the defendants' counsel had the cause set for trial, and prayed that the interrogatories might be taken *pro confessis*. The court below was of opinion, that the defendants should have caused the service of the interrogatories, and gave judgment on the merits in favor of the plaintiffs, from which the defendants appealed.

*Seghers*, for appellant.

*Dennis*, for appellee, urged the following points:

1. There was no occasion to answer the interrogatories propounded by the defendants.

2. The courts in this country, have no control over property situated in France.

MARTIN, J. delivered the opinion of the court. The will of the late A. M. Desfarge, the brother of the petitioners, and natural father of the defendants, free persons of colour, appointed one of the latter testamentary executor, and contains a bequest of all the testator's property in Louisiana to his said children, and all his property in France to the petitioners; and the testator avers, that the latter property is much more considerable than the former. The estate, in Louisiana, having been liquidated, the defendants obtained a surrender of the balance to them, on their giving bond and security to account for one half to the absent legal heirs.

On suit being instituted on this bond, they pleaded that the petitioners had in their possession estate of the testator much more valuable than what is now in the defendants' hands, and filed interrogatories, by the answer to which they sought to establish this fact. The judge directed the answer of the defendants to be served on the petitioners, and the latter to answer the interrogatories. Several years had elapsed after this, when the defendants' counsel had the cause set down for hearing, and at the trial contended, that as the inter-

Eastern District *May,* 1830.

DESFARGE & AL.
vs.
DESFARGE & AL.

Eastern District.
*May*, 1830.

DESFARGE &
AL.
*vs.*
DESFARGE &
AL.

rogatories were not answered, they ought to be taken *pro confessis.* The petitioners' counsel urged, that the order to answer was conditional and contingent, dependent on the service of the answer, which had not taken place; and that if the order was absolute, still the interrogatories could not be taken *pro confessis*, as they were framed in such a manner as to render specific answers, to which affirmative or negative answers could not be substituted. The questions not being, whether an estate of the testator, equal to that in the defendants' hands, was not in the possession of the petitioners; but what was the amount of the estate of the testator, in the petitioners' possession? and the like.

On the first proposition, we think the petitioners had not an absolute right to have their interrogatories answered; and the judge's order was conditional or contingent, and the petitioners were not bound to answer, till served with a copy of the answer.

If the court direct the answer to be served on the plaintiff, and that he should answer the interrogatories, it is a conditional order and the plaintiff is not bound to answer, until a copy of the answer be served on him.

We are not ready to admit, that the form of the interrogatories would have prevented their being taken *pro confessis*, had the order been absolute.

But we are of opinion, that as the order was in an unusual form, the defendants, who in our opinion, had a legal and equitable defence, ought not to be the victims of the view which their counsel took of it; and more especially, as the will presents the idea which they rely on, of the testator having a larger estate in France than in Louisiana; and our remanding the case, may subject the petitioners to delay only, while our affirmance of the judgment may eventually deprive for ever the defendants of the provision for their support, left them by their natural father.

Eastern District.
*May*, 1830.

DESFARGE &
AL.
*vs.*
DESFARGE &
AL.

The legislature has made a provision for a case like the present, *Code of Practice*, 906. It has authorised us, when we believe we cannot definitively pronounce on the case, in the state in which it is, because the parties have *failed* to adduce the necessary testimony, to remand the cause.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and the case remanded, with instructions to proceed therein according to law, the appellees paying costs in this court.

Eastern District.
*May*, 1830.

KENNER & AL.
*vs.*
THEIR CREDI-
TORS.

*KENNER & AL. vs. THEIR CREDITORS.*

If a tableau be homologated, in all parts which have not been opposed, &c. the homologation is absolute.

APPEAL from the court of the parish and city of New-Orleans.

The facts are fully stated in the opinion of the court.

If a tableau be homologated, in all parts which have not been opposed, &c. the homologation is absolute.

PORTER, J. delivered the opinion of the court. The tableau of distributon in this case was returned into court, in the month of June, 1827. On the 22d of that month, and in the same year, several oppositions were filed to it. Among others, the executors of Benjamin Morgan, the heirs of Wm. Kenner, James Brown, and J. Humphreys, opposed the recognition on the tableau, of Thadeus Phelps & Co. as creditors.

On the 12th June, 1828, the following judgment was rendered by the parish court: "It being proved to the satisfaction of the court, that the rule taken on the creditors and others, to show cause why the tableau of distribution, filed in the premises, should not be homologated, had been duly published according to law; therefore, it is ordered by

the court, on motion of George Eustis, Esq. of counsel for the syndics herein, that the said tableau of distribution be homologated and confirmed in all and every respect, in which they are not opposed by the different creditors who have filed their opposition thereto.

On the 11th of February, 1830, the cause was set for trial, on the opposition of Brown, Humphreys, Morgan's executors, and others, and no proof having been offered by them in support of their allegations, the court directed their opposition to be dismissed, and the tableau, so far as it regarded the claim of Phelps & Co. to be confirmed.

Six days previous thereto, however, an opposition was filed by the appellants to the tableau, on the same grounds as those set forth by Humphreys, Morgan and others. It was set for trial on a subsequent day, and the judge being of opinion it was filed too late, dismissed it. From that decree, the present appeal is taken.

On behalf of the appellants, it is contended, that their objections to the tableau did not come too late; that the court, in its judgment of 1828; reserved the matters now contested, and that until a decree of

Eastern District.
*May*, 1830.

KENNER & AL.
*vs.*
THEIR CREDI-
TORS.

Eastern District.
*May*, 1830.

KENNER & AL.
*vs.*
THEIR CREDI-
TORS.

homologation, signed by the judge, any creditor may contest the correctness of the tableau. 6 *Martin*, 652.

The reservation relied on, is in these words: "that the said tableau be confirmed, in all and every respect in which they are not opposed by the different creditors who have filed their opposition thereto," and we do not think, that on a fair construction of it, the appellant's case is sustained. Its phraseology does not certainly possess all desirable clearness, but we do not think it was intended to reserve to creditors, other than those who had already made opposition, the right of opposing it at a future time. The delays too frequently attending the settlement of insolvents' estates, are often a source of great expense, and work a serious injury to all concerned. Unless, therefore, the judgment now under consideration, clearly extends the time of making objections to the tableau, further delay should not be allowed. To our minds it is doubtful, and we cannot open the case for further litigation. If we did, the insolvents' estate would not be much nearer settlement than it was two years ago. It is now, we believe,

nearly five since the bilan was filed. If the appellants considered, that the opposition made by other creditors on this ground, dis- pensed them from the necessity of filing one, they ought to acquiesce in the judgment rendered. If they did not, they had two years to present their objection, and at the end of that time, we think it would be a great hardship to the other creditors, to await the litigation of this question, before a dividend could be made.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.