Taliaberro, J.
The dative testamentary executor of. James N. Brown was required by an order of the parish court of Iberville, rendered on the sixteenth of November, 1869, at the instance of one of the heirs, to file an account of his administration of the estate. No regard, it seems, was paid to this order until the fifth of October, 1870, two days after a suit was brought against the executor to remove him from office, which was subsequently done by decree of the parish court of that parish and confirmed on appeal to this court. 24 An. 187.
The executor filed an account on the fifth of October, 1870; a second one on the twenty-fourth of that month, and a third on the sixteenth of October, 1871.
*329 To these several accounts oppositions were filed by Mary E. Brown, one of the heirs (wife of Eeltus.) On the tenth of July, 1873, after a protracted contest, and the accumulation of evidence which has swelled the record to an inordinate size, an order was rendered by the court, homologating the accounts so far as not opposed.
On the fifteenth of September, 1873, Isaac D. Brown, another of the heirs, presented an opposition to the accounts.
This was objected to on the part of. the executor on the ground that-the judgment homologating the accounts formed res judieaia as to this opponent. The court allowed the opposition to be filed, and a bill of exceptions was taken.
We think the exception was well taken and that the opposition of Isaac D. Brown should not have been admitted. 23 An. 528; 20 An. 359; 1 La. 371; 22 An. 332; 3 An. 383.
We shall then consider this controversy as limited to the opposition of Mary E. Brown — Mrs. Eeltus. The property of the succession of James N. Brown, who died in th.e year 1859, consisted principally of two large plantations, one in the parish of Plaquemines, called the Oakland plantation, the other in the parish of Iberville, called the Manchac place. The two executors appointed by the will of James N. Brown, viz: his oldest son, John M. Brown, and Gilbert Hawkins, who qualified in October, 1859, died — the former in September, 1864, the latter previous to that time. James A. Yentress was, therefore, in October, 1864, appointed dative testamentary executor. The oppositions to his accounts form the subject matter of this litigation.
There appears to have been no debts against the estate. There are four heirs. Julia A. Brown, wife of James A. Ventress, the executor; Mrs. Eeltus, the opponent; the heirs pf John M. Brown (representing their father), and Isaac JD.. Brown.
The Oakland plantation, it appears, was taken possession of during the'war by the United States’ authority as captured or abandoned property. It was restored afterward — at what time does not appear; but not without some delay and at the cost of $2500, paid counsel for their legal efforts in obtaining its release. The executor’s first account commences with an exhibit of the proceeds of crops of the year 1864, and the first item on the credit side of that account is the sum of $2500, paid counsel for aid in regaining possession of the Oakland place. The executor’s first account includes the business affairs of the Oakland place, its revenues and expenses, the disbursements of the executor on account of the estate, etc., commencing with the crop of 1864, and coming down to the year 1869, inclusive. His second account purports to show the revenues, expenditures, etc., of the Manchae place for the same period. The third account shows the extent Of the crop of the *330 Manchac place for the year 1870, the expenses incurred and net proceeds of the same.
The oppositions to these accounts present objections that are very numerous, and the contestation arising from them in the lower court was not free from a display of acrimony and embittered feeling.
On the trial of the case the court below sustained the oppositions mentioned in its judgment, amounting in the aggregate to $25,595 20 ; and judgment being rendered against the executor for that amount, all the parties have appealed.
The opponent, Mary E. Brown, prays an amendment by this court of the judgment of the lower court in favor of the estate of James N. Brown against the estate of James A. Yentress, for the sum of $19,968, on the following ground: That the executor used assets of the estate he administered to acquire property for himself and Feltus, as shown by the record, containing an act of sale from Waddell to James A. Ventress and H. J. Feltus of a large body of land, the consideration being the surrender to Waddell by Yentress of mortgage notes of the above amount, which the act of sale shows belonged to the estate of Brown.
She also prays an amendment of the judgment of the lower court in regard to the charge of $70,000 in the account against her, as the price of Oakland, and with respect to the charge of commissions thereon.
The opposition to this charge is that there has never been a legal sale of Oakland to her; that the pretended sale of it to her is a nullity.
The judge of the lower court refused to pass upon the question as to the validity of this.sale.
It may here be stated that the defense of the executor is placed mainly on the ground that although he was appointed dative testamentary executor and assumed the functions of executor, still, in point of fact, the succession was, by consent of the heirs, administered chiefly by himself and H. J. Feltus, acting on the part of his wife, the opponent in this case; that Feltus and family went on the Oakland plantation in 1865 to live; that by an agreement between the executor and Feltus, whatever was shipped to the plantation was for the use of the place, and that all disbursements and payments were made by Feltus ; that Feltus really had charge of the place; that there were no debts owing by the estate, and that it was managed for the benefit of the heirs; that the purchases made for the plantations and the expenditures incurred for carrying on the business upon them having been participated in and made by the sanction of the opponent and her husband, they should not now be heard in objecting to them.
The executor charges to the account of the estate and claims credit against it for purchases from and payments made to his own wife one *331 of the heirs, amounting to about seven thousand dollars ; likewise for payments made to Mrs. Peltus for a similar amount, and for an amount exceeding three thousand dollars for payments to his sister, the widow of John M. Brown, deceased, one of the heirs. These credits, except the amount paid Mrs. Eeltus, not opposed, claimed by the executor, were rejected by the lower court, and we think correctly. These sums received by the heirs will more properly be adjusted by collation in a final partition among them of the succession. Examining next the other oppositions that were sustained, the first in order is that made to the accounts of George A. White presented as vouchers for the payment of supplies purchased for the Oakland plantation. It appears that the executor established a store and trading establishment on Oakland and sold to the laborers on the plantation and to others, goods of the description and kind usually kept in stores of that sort. These goods were purchased from White. Among them were articles of supplies necessary for the carrying on of a plantation. The judge a quo seems to have stricken from these accounts such items as do not come within that class of necessary articles indispensable in the cultivation of a plantation. This was properly done. The estate should not be made to pay for goods wholly unnecessary for the business of the place and from the sale of which the executor doubtless realized large profits. The executor’s commissions were allowed against the opposition made to it. For failing to file an account when ordered to do so, the executor, as we have seen, was removed from office by a formal judgment of the parish court of Iberville, confirmed by decree of this court. The judgment divesting him of his office did not impose upon him the penalties prescribed by article 1465 of the Revised Statutes nor deprive him of his commissions. We are not satisfied that the evidence clearly establishes a case like that of Lee, 4 An. 518, where the administrator was deprived of his commissions because his administration had been positively injurious to the succession instead of beneficial.
The items set down upon the account of the executor as discount on his notes issued to raise money, and those for commissions to Bur-bridge for indorsing them were properly rejected. Two or three witnesses say the estate was out of funds; but no exigency is shown to have existed making it absolutely necessary to raise money at extravagant rates and upon unfavorable terms.
The amendments prayed for by the opponent we see no just cause for making. It is satisfactorily shown in our opinion that the Waddell notes were not the property of the succession of James N. Brown, but that they belonged to the minor heirs and were under the control of John M. Brown their former tutor, and eventually in the hands of Ventress as tutor.
*332 The claim of $19,968, alleged to have been due the estate of James N. Brown by the commercial firm of Hawkins & Norwood, and which the opponent contends the executor should be made to account for on the ground that he released Norwood, one of the partners, on condition of the extinguishment of the indebtedness of John M. Brown to that firm of $22,240, we think entitled to little consideration. This claim, if it have any merit, can not, any more than the Waddill notes, be brought into the settlement of the executor’s account. To the claim of the opponent, to have the sale of the Oakland plantation annulled, and that estate thrown back into the succession, the executor opposed very properly the plea of res judicata. That question was definitively settled adversely to. the opponent by decree of this court rendered in April, 1872. 24 An. 300.
After following out the various grounds of opposition set up, and the disposition made of them by the lower court, we are not inclined to alter the decree which it rendered.
It is therefore ordered that the judgment appealed from be affirmed with costs.
The court reserves to the executor the right to claim in a final settlement and partition of the estate all amounts he alleges to have paid to the heirs.
Rehearing refused.